Argued May 19, appeal dismissed June 27, 1977

BOARD OF COMMISSIONERS OF
COOS COUNTY, *Petitioner,*
*v.*
THE LAND CONSERVATION AND
DEVELOPMENT COMMISSION et al, *Respondents.*
CITY OF NORTH BEND et al,
*Intervenors—Respondents*
(No. 75-005, CA 7296)
565 P2d 1107

John T. Bagg, Coquille, argued the cause and filed the brief for petitioner.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Peter S. Herman, Senior Counsel, Salem.

Richard Benner, Portland, argued the cause and filed the brief for respondents League of Women Voters of Coos County, an affiliate of an Oregon

non-profit corporation; Bay Area Environmental Committee of Coos Bay; 1000 Friends of Oregon, an Oregon non-profit organization; Lilah L. Chambers; Avis Chiapuzio; Judy W. Dixon; Don Loftus; Don Mosher; Merrill Mosher; Holly Hall; Meridith I. Leegard; George P. Potter; James H. Sherman; Lorel Smith; Norma Smith and Nora G. Terwilliger.

No appearance by intervenors—respondents.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal by the Board of Commissioners of Coos County (County) from an order of the Land Conservation and Development Commission (LCDC). The County makes two assignments of error. (1) The LCDC lacks jurisdiction to review the Coos County Comprehensive Plan for compliance with the state-wide Citizens Involvement Goal. (2) The Commission's order is unlawful in substance in that the order does not comply with the Commission's decision made during the commission hearing.

Respondents argue the appeal should be dismissed as moot since the LCDC and the County have entered into a compliance agreement.

In May of 1975, Coos County adopted the Coos Bay Estuary Plan which was an element of the Coos County Comprehensive Plan. In July, 1975, the League of Women Voters and others petitioned the LCDC to review the estuary plan under ORS 197.300(1)(d). The petition alleged the estuary plan did not comply with the state-wide Citizen Involvement Goal adopted by the Commission January 1, 1975, and it violated certain interim planning goals set out in ORS 215.515.

The Commission, after hearing, found it had jurisdiction to review the estuary plan and that the plan was not adopted in compliance with the state-wide Citizen Involvement Goal and ordered compliance with that goal. In addition the LCDC found the estuary element of the comprehensive plan did not violate the interim planning goals (ORS 215.515) "in a serious enough fashion to require relief" and directed the Department of Land Conservation and Development to take into consideration the hearings officer's opinion, the prehearing order and all briefs filed in the proceedings in considering the County Comprehensive Plan.

The County's argument on appeal is based on ORS 197.250:

"All comprehensive plans and any zoning, subdivision and other ordinances and regulations adopted by a state agency, city, county or special district to carry out such plans shall be in conformity with the state-wide planning goals within one year from the date such goals are approved by the commission."

The Commission adopted state-wide planning goals on January 1, 1975. The one year grace period expired January 1, 1976. The County argues since the one year time extension in ORS 197.250 for bringing plans into compliance with state-wide goals did not expire until January 1, 1976, and since the County adopted the estuary plan in May 1975, that plan did not have to comply with the state-wide planning goals which included the Citizen Involvement Goal. Therefore, the County concludes the LCDC did not have jurisdiction under ORS 197.300(1) to review the estuary plan for violation of the Citizen Involvement Goal.

The issue is moot and the appeal must be dismissed. Subsequent to the order, the County entered into an agreement with the LCDC to bring the estuary element of its comprehensive plan into compliance with all state-wide goals, including the Citizen Involvement Goal. In substance the agreement was a request for a planning grant from LCDC to assist the County in development of a comprehensive plan. The County also requested an extension of time to bring the comprehensive plan into compliance with state-wide goals. Included in the request for a grant and extension of time was a schedule the County agreed to follow in bringing all the elements of its comprehensive plan into conformity with the LCDC goals. The planning grant and extension of time until 1979 were authorized on the condition the County follow the compliance schedule. The County planning process is thus now proceeding under the new compliance schedule and agreement and not under the LCDC order involved in this appeal. The agreement, al-

though not made specifically for that purpose, is in essence a settlement of the controversy, and a decision by this court on the validity of the order will not affect this planning process and will have no practical legal effect.

The County, while conceding the agreement has settled the controversy, urges us to decide the case on its merits because of the general public interest the issue involves and the fact the issue of jurisdiction of a public agency may reoccur.

The jurisdictional question in this case is very narrow; whether the LCDC has authority to review planning actions for compliance with state-wide goals during the one year grace period set out in ORS 197.250. Since that grace period has passed the issue is unlikely to arise again. Decision on that issue would add little of lasting significance to the law of administrative agency jurisdiction and would offer little assistance to local planning bodies in determining their relationships with the LCDC.

The County additionally argues the issue is not mooted by the compliance agreement because the LCDC has authority to modify the order at anytime and enforce the order pursuant to ORS 197.310(6).

The authority of the LCDC to require compliance with state-wide goals after expiration of the grace period is clear. ORS 197.325. With this authority and the attendant duty of the County to now comply with the goals in adopting comprehensive plans, it is highly unlikely the Commission will resort to its previous order to seek local conformity with the state-wide goals. The order has effectively been superseded by the compliance agreement. We decline the invitation to decide an issue that will have no practical legal effect on the controversy at hand and will have little if any significance in determining the authority of the LCDC.

The County's second assignment of error is likewise mooted by the compliance agreement. The challenged portion of the order stated:

"* * * The Commission concludes that the estuary element of the County's comprehensive plan does not violate the interim goals in a serious enough fashion to require relief other than that resulting from its directions to the department [Department of Land Conservation and Development] * * *."

The substance of this assignment of error is that the wording of the order is inconsistent with the action taken by the Commission during the hearing by motion and vote. This, the County contends, renders the order unlawful in substance and procedure and not supported by substantial evidence.

This portion of the order relates to the interim goals set out in ORS 215.515. Compliance with these goals is no longer an issue in this controversy. The County is now required to bring its comprehensive plan into compliance with the state-wide goals and has by the compliance agreement agreed to do so. Affirming or reversing the order on that ground will again have no practical legal effect on duties, authority and obligations of the County and the LCDC.

The County urges us to decide the issue even if moot in order to prevent reoccurrence of unlawful procedure in formulating Commission orders. The law derived from statutes and appellate decisions contains sufficient guidelines for administrative hearings and orders and this case does not present a vehicle for adding significantly to that body of law.

Appeal dismissed.